RMK–BRJ and Commercial Insurance Company of Newark, New Jersey, Petitioner,

v.

Alan C. BRITTAIN, et al., Respondent.

No. 86–8743.

United States Court of Appeals, Eleventh Circuit.

Nov. 19, 1987.

---

Webb, Carlock, Copeland, Semler & Stair, Neal C. Scott, Atlanta, Ga., for petitioner.

Ann Warren Breeding, Joshua T. Gillelan, II, Office of the Solicitor of Labor, Washington, D.C., for respondent.

Before HILL and EDMONDSON, Circuit Judges and ARONOVITZ *, District Judge.

HILL, Circuit Judge:

Appellee, Alan Brittain, was injured on an air base in South Vietnam in 1967 while employed as an engineer by appellant, RMK–BRJ, Inc. Brittain filed a claim for compensation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, as extended by the Defense Base Act, 42 U.S.C. § 1651 *et seq.* ("The Act"). After a hearing, he was awarded compensation for a temporary total disability. Brittain received payment under that award until it expired in 1973. He then requested a modification of the award, alleging that he was permanently disabled. That request was denied, and the Administrative Law Judge's decision was affirmed by the Benefits Review Board and the Fifth Circuit Court of Appeals.

In March 1980, Brittain filed his second petition for modification, alleging a change in his condition. The petition was denied, after a hearing before an ALJ and Brittain appealed to the Benefits Review Board. The Board found that a modification was

necessary and remanded the case to the ALJ for further proceedings. The ALJ issued an order granting a modification of the award on August 6, 1986. Appellant filed a notice of appeal with this court on October 3, 1986, challenging the ALJ's order.

Appellant contends that the ALJ's initial decision denying the modification was supported by the record. Appellee claims that the Board was correct in vacating the denial. We do not reach these claims because we find that this court lacks jurisdiction over the appeal.

Review of compensation orders under the Act is provided by 33 U.S.C. § 921. Under subsections 921(a) and (b), a party may appeal an ALJ's order to the Benefits Review Board. Under 921(c), a party may obtain review of a "final order of the Board" in the United States Court of Appeals. The law does not provide for a direct appeal from an ALJ's order to the court of appeals. In the present case, appellants did not appeal the compensation order to the Board, and there is no "final order of the Board" for this court to review. This court is, therefore, without jurisdiction over the appeal.

Appellants argue that an appeal to the Board would have been futile because the Board would simply be asked to reconsider its prior decision and to "rubber stamp" the award. We are unable to determine how the Board would have ruled or what issues it might have considered on appeal. Moreover, the statute does not provide this court with the authority to engage in such speculation; rather, it states that this court may only review final orders of the Board. We believe that the statute means what it says.

We also note that, under section 921(a), compensation orders become final within 30 days of issuance unless they are appealed to the Board. This appeal was filed 58 days after the order was issued. Thus, at the time that this appeal was filed,

* Honorable Sidney M. Aronovitz, U.S. District Judge for the Southern District of Florida, sitting by designation.

the order was final and unreviewable by either this court or the Board.

The appellees motion to dismiss for lack of jurisdiction is granted, and the appeal is

DISMISSED.